**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hipolito M. PANIAGUA–MARAVILLA,**
**also known as Martin Chavez–Alejo,**
**Defendant–Appellant.**

No. 05–41496
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Hipolito M. Paniagua–Maravilla (Paniagua) appeals his guilty-plea conviction under 8 U.S.C. § 1326(a) and (b). He asserts that the "felony" and "aggravated felony" provisions of the statute cause it to be unconstitutional on its face and as applied in his case. Paniagua's constitutional chal-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Paniagua contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Paniagua properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.